UNITED STATES DISTRICT COURT    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

PEGGY MORRIS,

                Plaintiff,

    - versus -

THE CITY OF NEW YORK, et al.,

                Defendants.

**MEMORANDUM AND ORDER**
12-CV-3959

APPEARANCES:

    JOSEPH N. OBIORA
        146-03 Hillside Avenue, 2nd Fl.
        Jamaica, NY 11435
    By:    Joseph N. Obiora
        *Attorney for Plaintiff*

    CORPORATION COUNSEL OF THE CITY OF NEW YORK
        100 Church Street
        New York, NY 10007
    By:    Rosemari Y. Nam
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        Plaintiff Peggy Morris moves for reconsideration of my order dated October 28, 2013, granting partial summary judgment for the defendants. The motion is both untimely and without merit, and is denied for both reasons.

        Pursuant to Local Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Local Rule 6.3. Accordingly, Morris had until November 11, 2013, to timely serve a motion for reconsideration of the order. Morris's

motion was not served until November 22, 2013, and thus is untimely.[1]  *See* Pl.'s Mot. for Reconsideration, ECF No. 52.

For the most part, the plaintiff's arguments do not warrant discussion, but a few observations are appropriate.  The motion for reconsideration, like the plaintiff's opposition to the defendants' motion for summary judgment, misapprehends both the scope of a police officer's obligation when presented with an allegation of criminal activity and the scope of information relevant to a probable cause and qualified immunity inquiry.  Police officers are not required to adjudicate allegations of criminal conduct before effecting an arrest on pain of being sued for civil damages in a subsequent case if it turns out that the arrested person is not guilty. *See Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).  Where, as here, they are presented with statements and other information (as set forth in my decision granting partial summary judgment) justifying in them a reasonable belief that a crime has been committed, the law does not require them to fully investigate the case prior to making an arrest. *See id.*

That "it turned out" later that one of Osborne Miller's sons was the culprit, as Morris asserts in her motion, Pl.'s Mot. for Reconsideration, ECF No. 52, at 5, is irrelevant, as the inquiry focuses on the facts available at the time of arrest.  *See Ricciuti*, 124 F.3d at 128.  For that same reason, the officers cannot be faulted for "fail[ing] to consider the fact that [the] District Attorney's Office by a subsequent Memo indicated that nothing supports lack of permission or authority for the plaintiff to use the said ATM card."  Pl.'s Mot. for Reconsideration, ECF No. 52, at 6.  And Morris's assertion that because she was released on her

---

[1] Morris also moves for reconsideration under Federal Rule of Civil Procedure 59, which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).  However, since there was no entry of judgment to alter or amend, that rule and its longer time limit for filing is inapplicable.

own recognizance, probable cause to prosecute was "essentially eliminate[d]," *id.* at 9, is simply wrong, both because people who were properly arrested and prosecuted may obtain such release and because the decision might be made on information not available to the officer at the time of arrest.

As for the *Payton* claim, Morris does not dispute that it was never part of her case and that she conceded as much at oral argument, but she asks me to ignore the "alleged concession" because otherwise it would overrule clear Supreme Court jurisprudence. *Id.* at 11. I think not, and in any event, for the reason set forth in the decision, no rational jury could conclude that a *Payton* violation occurred.

I have considered all of the other arguments made in Morris's motion and find that they have no merit. For the foregoing reasons, the motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 3, 2013
      Brooklyn, New York